[No. 28536. Department One. December 22, 1941.]

THE STATE OF WASHINGTON, *on the Relation of Helen J. Court, Appellant,* v. THE BOARD OF TRUSTEES OF THE FIREMEN'S RELIEF AND PENSION FUND OF THE CITY OF SPOKANE, *Respondent.*[1]

[1]Reported in 120 P. (2d) 519.

 

*M. E. Mack,* for appellant.

*G. M. Ferris, B. A. Farley,* and *Paul F. Schiffner,* for respondent.

MILLARD, J.—Thomas O. Court, a member of the fire department of the city of Spokane, was retired February 20, 1934, by the board of trustees of the firemen's relief and pension fund, on account of physical disability incurred in service, at a monthly pension of $60.75 under the provision of Rem. Rev. Stat., § 9563 [P. C. § 943]. The cited section of the statute further provides, among other things, that, upon the death of any member so retired, the amount of pension which he would have received had he lived shall be paid to his widow, or, if there be no widow, then such payment shall be made to his minor child or children until they attain the age of eighteen years. If any such widow, or child, or children shall marry, the person so marrying shall thereafter receive no further pension from the fund. Rem. Rev. Stat., § 9569 [P. C. § 949] provides that, when any person receiving a pension under the act shall be convicted of a felony, the board of trustees shall direct that such pension shall immediately cease,

" . . . and such person shall receive no further pension or allowance or benefit under this act, but in lieu thereof the said pension or allowance or benefit may at the discretion of the board be paid to those immediately dependent upon him, or to his legally appointed guardian."

The board of trustees, under Rem. Rev. Stat., § 9571 [P. C. § 951],

" . . . shall hear and decide all applications for such relief or pensions under this act, and its decisions on such applications shall be final and conclusive and not subject to revision or reversal except by the board."

May 11, 1938, Thomas O. Court pleaded guilty to the crime of incest and was sentenced to the state penitentiary by the superior court for Spokane county. Thereupon, the board of trustees of the firemen's relief and pension fund, in conformity to Rem. Rev. Stat., § 9569, providing for cessation of the pension upon a felony conviction, ordered that the pension cease to be paid to Thomas O. Court. When Court was convicted he had two dependents: His second wife and Alice Court, a daughter, sixteen years of age, by a former marriage who was pregnant as a result of her father's criminal act. On petition of Helen J. Court, wife of Thomas O. Court, for payment of the pension to her, in lieu of the benefits formerly paid to her husband, the board of trustees referred the matter to a special committee of its members for a report on the condition of the petitioner and the daughter. Upon the suggestion of that committee, Mrs. Court submitted letter, reading as follows, to the board:

"Spokane, Washington,
June 2, 1938.
Board of Trustees,
Firemen's Relief and Pension Fund.
Gentlemen:
Until the further order of the Firemen's Relief and Pension Fund Board of Trustees, you are hereby notified that it is agreeable with me, as the wife of Thomas O. Court, a former member of the Fire Department, who is now serving a term in the Washington State Penitentiary, to equally divide his monthly pension amounting to $60.75 between myself and his minor daughter, Alice Court, or her duly appointed guardian.
Very truly yours,
(Signed) Mrs. T. O. Court."

The committee recommended, by reason of the letter of Mrs. Court and other facts and circumstances reported by the committee, that no permanent disposition be made with reference to the pension, but, until the further order of the board, that the monthly pension be equally divided between Mrs. Court and her step-daughter.

With the letter of Mrs. Court and the report and recommendation of the special committee before it, the board acted as follows:

"Mr. Dirkes moved that the recommendation of the Special Committee be concurred in and that, until further order of the Board of Trustees, the monthly pension of Thomas O. Court, former member of the Department, in the amount of $60.75, be divided equally between Mrs. Helen .J. Court and her step-daughter, Alice E. Court, no funds to be paid to Alice E. Court until a guardian of her estate has been appointed, and that court costs of approximately $15.00 be charged against her part of the pension.

"On roll call the motion was carried by the following vote: Messrs. Dirkes, Colburn, Henricks, Sutherlin, Kuehl, Blamey, Joyce, Bremer, Colegrove and Brown voted 'Yea'; nays, none."

The pension was thereafter paid one-half to Mrs. Court and one-half to a guardian of her step-daughter, until the board received information that the daughter had married. On November 4, 1940, the board voted to discontinue payment of the pension to Mrs. Court and the daughter, effective November 16, 1940. Under date of November 14, 1940, Thomas O. Court requested the board to reconsider its action of November 4, 1940, canceling payments to Mrs. Court and the daughter.

On November 27, 1940, Mrs. Court petitioned the board for a reconsideration of the matter. Her request was granted and she and her counsel appeared at a regular meeting of the board held December 3, 1940, and

were given a full hearing, after which the board adhered to its previous order. The minutes of that meeting read as follows:

"The communication from Attorney M. E. Mack dated November 27, 1940, submitting petition of Helen J. Court dated November 26, 1940, heretofore filed with the Board, asking for a continuance of the pension of $30.38 per month formerly paid to her, and also to receive the additional sum of $30.37 per month heretofore paid to Alice E. Court, which pensions were terminated and cancelled as of November 16th, 1940, by order of the Board dated November 4, 1940, which was the pension formerly paid to Thomas O. Court, former retired member of the Spokane Fire Department,—was read, together with the petition of Helen J. Court.

"Mrs. Helen J. Court and her attorney M. E. Mack were present in person and were given the right to present any matters which they desired to have the Board consider in connection with Mrs. Court's petition and the former order of the Board made on November 4, 1940 in connection with this matter.

"Mr. Mack addressed the Board and stated that he had authority from Mrs. Court to say to the Board that she would be willing to accept the same amount of pension that she had formerly received, namely, $30.38 per month, and waive any claim for any additional amount. He also stated that while Mrs. Court had not been given any notice of the fact that the Board intended to consider this matter at the meeting held November 4, 1940, yet inasmuch as she was now before the Board with her petition, the board could reconsider the matter.

"G. M. Ferris, Corporation Counsel, advised the Board that in view of the peculiar facts in this case, the order of the Board dated June 3, 1938 was expressly made subject to the further order of the Board, and therefore the Board could exercise the discretion given to it by the Pension Act and make such disposition of the matter as in the discretion of the Board seemed proper.

"After giving Mrs. Court and her attorney full

opportunity to be heard on this matter and to present any evidence or other matters which they might desire to present, Mr. Colburn moved that Mrs. Helen J. Court's petition, asking for a continuance of the pension of $30.38 per month formerly paid to her, and also to receive the additional sum of $30.37 per month heretofore paid to Alice E. Court, which pensions were terminated and cancelled as of November 16th, 1940, by order of the Board dated November 4, 1940, which was the pension formerly paid to Thomas O. Court, former retired member of the Spokane Fire Department, be denied."

On roll call the motion was unanimously carried.

Mrs. Court instituted certiorari proceedings in the superior court for Spokane county to review the action of the board of trustees of the firemen's relief and pension fund. The hearing resulted in entry of judgment denying to Mrs. Court any relief. Mrs. Court appealed.

It is obvious, as contended by counsel for respondent, that Rem. Rev. Stat., § 9569, vests the board of trustees of the firemen's relief and pension fund with discretion to discontinue payment of benefits to dependents of a fireman convicted of a felony. This makes it unnecessary to discuss all the questions argued by counsel for appellant.

Rem. Rev. Stat., § 9569, clearly gives to the board of trustees unlimited discretion to determine whether it would pay to those immediately dependent upon the convicted fireman the benefits formerly received by him or whether it would discontinue payment of all benefits.

Rem. Rev. Stat., § 9562 [P. C. § 942], provides for payment of a monthly pension on retirement due to age, and provides for disposition, as follows, of the pension upon the death of the member so retired:

" . . . Upon the death of any such retired member the amount of the pension which he would have

received had he lived shall be paid to his widow, if such widow was his wife at the time of his retirement, such payment to be made to such widow during her life, or until she shall again marry; and if there be no such widow, then such payment shall be made to his minor child, or children, until such child or children shall have arrived at the age of eighteen years, or shall prior thereto have married; and if any child or children of such deceased fireman shall be eighteen years of age, or over, and by reason of physical or mental defects unable to work or earn any income, and shall be without any means of support, such payment shall be made to such child or children so long as such disability exists. . . ."

Rem. Rev. Stat., § 9563, provides for pension on retirement for disability. In that section, it is again stated that the pension is to be paid to the widow during her lifetime, or until she remarries, or, if there be no such widow, then payment shall be made to the fireman's minor child or children until they arrive at the age of eighteen years or shall marry; or to a disabled child such payment shall be made as long as such disability exists.

Rem. Rev. Stat., § 9566 [P. C. § 946], provides for payment of a pension, on account of loss of life in service, to the widow, or children, if there be no widow, with the same conditions prescribed for cessation of payment of benefits to the widow or children.

The legislature specified definitely, in Rem. Rev. Stat., §§ 9562, 9563, and 9566, upon what conditions the board should terminate payment of benefits. It is not a sound argument that, by the absence of such provisions in Rem. Rev. Stat., § 9569, when the board once elects to pay benefits to those dependent upon the fireman who had been convicted of a felony the benefits should be paid indefinitely and thereby place the recipients in a more favorable position than the widow or children of the law-abiding fireman, who was disabled

in service, or who was retired due to age, or who died in service.

The conclusion of counsel for appellant that payment of benefits under Rem. Rev. Stat., § 9569, once the board elected to continue such payments, should be controlled by the limitations specified in Rem. Rev. Stat., §§ 9562, 9563, and 9566, necessitates reading into Rem. Rev. Stat., § 9569, language which is not present in that section of the statute.

By the omission of all such restrictions in Rem. Rev. Stat., § 9569, when it so carefully prescribed them in the other sections of the statute, it is clear that the legislature contemplated a case like the one at bar and intended to repose the final discretion in the board, intended that the wife or children should not acquire a vested interest in the benefits once they were granted by the board, and that the discretion vested in the board to grant or withhold payment of pension to the wife or children in the first instance should continue with respect to a termination of the payment. The citation of sustaining authorities would not make more plain the clearly expressed intention of the legislature in the creation of the right of the widow and children of a convicted fireman to payment of benefits to vest in the board the ultimate discretion whether the benefits should be paid to those dependent upon the convicted fireman.

The argument that the wife of a pensioner has a vested interest in the pension which can not be revoked, and that she has a vested right which the act of her husband can not destroy, is answered by the statute (Rem. Rev. Stat., § 9569) which provides that, when any person who shall have received benefits from said fund shall be convicted of a felony, the board shall direct immediate cessation of payment of the pension.

Appellant's husband was convicted of a felony,

which worked a forfeiture of payment of all benefits to him. The statute withholds any relief to appellant as a matter of right. Her only course would be to petition the board to exercise its discretion in favor of granting the pension to her. As the board exercised its discretion, its action is final. The board is vested with the discretion to cancel, under the provisions of Rem. Rev. Stat., § 9569, the pension at any time.

█ It is not necessary to discuss the contention of counsel for appellant that prior notice was necessary before the board could cancel the pension. Any question of notice was specifically waived by counsel for appellant at the regular meeting of the board December 3, 1940, when appellant was given a full and complete hearing. The minutes of the board are quoted above. It will be noted that appellant and her attorney were present in person. They were given an opportunity to present any matters which they desired the board to consider in connection with appellant's petition and the former order of the board made November 4, 1940, discontinuing payment of the pension to appellant and her step-daughter. Counsel for appellant stated

" . . . that while Mrs. Court had not been given any notice of the fact that the Board intended to consider this matter at the meeting held November 4, 1940, yet inasmuch as she was now before the Board with her petition, the board could reconsider the matter."

The judgment is affirmed.

ROBINSON, C. J., STEINERT, MAIN, and DRIVER, JJ., concur.